UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:13-CR-245-BR
No. 5:16-CV-13-BR

| | |
|---|---|
| FERNANDO LUIS TOLENTINO-TOLENTINO )<br>)<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>) | ORDER |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 58.) Petitioner has filed a response in opposition to the government's motion. (DE # 61.)

In January 2014, without a plea agreement, petitioner pled guilty to illegal reentry by an aggravated felon in violation of 8 U.S.C. § 1326(a), (b)(2). Petitioner was sentenced to 46 months imprisonment. Petitioner appealed his sentence, and in April 2015, the Fourth Circuit Court of Appeals affirmed. (DE # 49.)

Petitioner timely filed his § 2255 motion on 26 January 2016.[1] (DE # 54.) In response, the government filed the instant motion to dismiss. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the government contends that petitioner has failed to state a claim entitling him to relief.

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true,

---

[1] Attached to petitioner's § 2255 motion is a motion captioned "Motion Under 28 U.S.C. § 2255 or Alternatively Under 28 U.S.C. § 2241." (DE # 54-1.) To the extent petitioner also seeks relief from his sentence based on § 2241, he must file such a motion in the district in which he is confined, South Carolina. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000).

> to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Walker v. Kelly, 589 F.3d 127, 138-39 (4th Cir. 2009) (recognizing that the standards of Rule 12(b)(6) apply to the government's motion to dismiss a habeas corpus motion under 28 U.S.C. § 2254).

Petitioner asserts that his sentence is unlawful, illegal, and unconstitutional based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015). "In *Johnson*, the Supreme Court held that the definition of 'violent felony' found in the residual clause of the Armed Career Criminal Act is unconstitutionally vague. 135 S. Ct. at 2557. That clause defines a 'violent felony' as any felony that 'involves conduct that presents a serious potential risk of physical injury to another.' 18 U.S.C. § 924(e)(2)(B)(ii)." United States v. Hare, ___ F.3d ___, 2016 WL 1567051, at *10 n.10 (Apr. 19, 2016).

Specifically, petitioner contends that his prior convictions are not "aggravated crimes" based on Johnson, and therefore, the court should not have increased his base offense level by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(vii). Pursuant to that guideline, the base offense level of a defendant who has been convicted of 8 U.S.C. § 1326 is increased 16 levels, "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . an alien smuggling offense, . . . if the conviction receives criminal history points under Chapter Four." U.S.S.G. § 2L1.2(b)(1)(A)(vii) (2013). An "alien smuggling offense" includes an offense wherein a person "encourages or induces an alien

2

to come to, enter, or reside in the United States, knowing or in reckless disregard of the fact that such coming to, entry, or residence is or will be in violation of law." 8 U.S.C. § 1324(a)(1)(A)(iv); see also id. § 1101(a)(43)(N); U.S.S.G. § 2L1.2, comment. (n.1(B)(i)) (2013).

Petitioner was convicted of felony encouraging or inducing an illegal alien to reside in the United States, an alien smuggling offense, in 1998[2] and received three criminal history points for that conviction under Chapter Four of the Sentencing Guidelines. (PSR, DE # 31, ¶ 11.) He was deported to Mexico in 2000. (Id. ¶ 3.) Therefore, petitioner's base offense level was appropriately increased under U.S.S.G. § 2L1.2(b)(1)(A)(vii). Petitioner's guideline range was not influenced by any prior conviction for a felony that "involves conduct that presents a serious potential risk of physical injury to another," and thus, Johnson, while retroactive, Welch v. United States, 136 S. Ct. 1257, 1268 (2016), is not applicable.

Petitioner has not stated a claim entitling him to relief. The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 5 May 2016.

                                              W. Earl Britt
                                              Senior U.S. District Judge

---

[2] This conviction also qualifies as an "aggravated felony" for purposes of the twenty-year statutory maximum sentence. 8 U.S.C. §§ 1101(43)(N), 1326(b)(2).